J-S11041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN ALLEN GOODRICH | : | |
| | : | |
| Appellant | : | No. 1160 WDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000479-2022

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: June 4, 2025**

Glenn Allen Goodrich ("Goodrich") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the factual history of the case, as follows:

[In] 2022, Shafiq Blake (hereinafter the "Victim") was on the dating app "Grindr" posing as a fourteen[-]year[-]old male. The Victim was [in actuality] approximately twenty-five years old and the person in charge of "Predator Catchers Pa." . . . Goodrich . . . contacted the Victim through the dating app and began conversing. The conversation turned sexual in nature, at which point the Victim told [Goodrich] that he was fourteen . . . years old. The Victim told [Goodrich] that he was interested in older men and that he had been with an older man before. [Goodrich] asked if the other man had gone to jail or if the Victim was a law officer, [and] the Victim answered in the negative. [Goodrich] asked when the Victim would like to meet and sent the Victim a picture of his erect penis. The Victim and [Goodrich] agreed to meet where [Goodrich] was staying, the Economy Inn. When the

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Victim arrived, he confronted [Goodrich] and recorded and posted the encounter on YouTube. The manager of the Economy Inn saw the video and reported it to the police.

PCRA Court Opinion and Order, 8/20/24, at 1.

Police arrested Goodrich and charged him with attempted statutory assault (F1), solicitation of statutory sexual assault (F1), unlawful contact with a minor (F1), attempted aggravated indecent assault (F2), solicitation of aggravated indecent assault (F2), criminal use of a communication facility (F3), attempted indecent assault (M2), and solicitation of indecent assault (M2). The trial court appointed counsel, and Goodrich thereafter waived his preliminary hearing and formal arraignment.

On July 14, 2022, pursuant to an open plea agreement, Goodrich entered guilty pleas to attempted statutory sexual assault and unlawful contact with a minor, and the Commonwealth dropped the remaining six charges. Goodrich signed and executed a written plea colloquy wherein he acknowledged that he entered the plea knowingly, intelligently, and voluntarily. On the record, Goodrich confirmed that he entered the plea knowingly, intelligently, and voluntarily and that he understood the terms of the written plea colloquy, as well as the consequences of his plea. The trial court accepted Goodrich's guilty plea and scheduled the matter for sentencing. On October 27, 2022, the trial court imposed an aggregate sentence of thirty-nine months to twenty years' imprisonment, followed by a consecutive six-year probationary term. Goodrich did not file a post-sentence motion or an appeal from the judgment of sentence.

On September 29, 2023, Goodrich filed the instant timely *pro se* PCRA petition.[2] The PCRA court appointed counsel, who filed an amended petition. In this petition, Goodrich alleged that trial counsel was ineffective for: (1) failing to file a pretrial motion to quash the unlawful contact with a minor charge based on the fact that the alleged victim was neither a minor nor a law enforcement officer impersonating a minor in performance of their duties; and (2) failing to properly explain the negotiated plea agreement and guilty plea colloquy, and instead having Goodrich sign the plea agreement where the charge of unlawful contact with a minor was not supported by evidence.

The PCRA court held an evidentiary hearing, during which both Goodrich and trial counsel testified. Relevantly, trial counsel testified that: (1) he was familiar with the charges facing Goodrich at the time, as he had represented others against them in the past; (2) Goodrich did not offer any defense against the allegations; and (3) Goodrich only expressed a concern that he did not want to spend the rest of his life in prison. **See** N.T., 4/16/24, at 21-22. Given Goodrich's lack of a defense and his concerns about sentence length,

---

[2] Under the PCRA, a petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or the expiration of time for seeking such review. **See** 42 Pa.C.S.A. § 9545(b)(3). Here, because Goodrich did not file a post-sentence motion or an appeal from his judgment of sentence, his judgment of sentence became final thirty days later, on November 28, 2022. **See** Pa.R.Crim.P. 720(A)(3) (stating in the absence of a filed post-sentence motion, an appellant has thirty days from the imposition of sentence to appeal his judgment of sentence). Thus, Goodrich had one year from this date, until November 28, 2023, to file his instant petition. As Goodrich filed the petition on September 29, 2023, it is timely.

trial counsel explained that his strategy was to seek the lowest sentence possible, and that in his experience, the best way to do so was for Goodrich to avoid going to trial. *See id*. at 22. Thus, when the Commonwealth offered a plea deal that reduced the number of charges from eight to two, trial counsel stated he believed it was a good enough deal for Goodrich to consider. *See id*. at 26-28.

Additionally, trial counsel acknowledged that he considered contesting the charge of unlawful contact with a minor at the time, but he clarified that he did not do so because:

> there was a solicitation issue here as well; and I remember thinking there was only two crimes that [the Commonwealth] said for him to plead guilty to; and I thought, well, do I really want to work on the difference between unlawful contact with a minor and solicitation to commit statutory sexual assault?
>
> And again, given that . . . Goodrich really - - he wanted a low sentence. I didn't think it was worth fighting or worth pursuing. I do know that the solicitation charge has a lower offense gravity score than the unlawful contact with minor, but it wasn't much lower. And since, as . . . Goodrich said, [six] out of the [eight] charges were being dismissed, I thought, well, this might - - this is not a bad deal, not a great deal, but not a bad deal.

*Id*. at 26-27. Trial counsel further emphasized that he did not want to make Goodrich a "guinea pig" for this type of claim, as he was not aware of any favorable controlling precedent at the time, and he did not believe Goodrich would do well at trial. *Id*. at 27-28.

At the conclusion of the hearing, the PCRA court directed both parties to submit briefs on the matter. On August 20, 2024, the court entered an

order dismissing Goodrich's PCRA petition. Goodrich filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Goodrich raises the following issues for our review:

1. Whether the PCRA court erred in dismissing [Goodrich's] PCRA petition alleging ineffective assistance of counsel when the evidence clearly indicated that [Goodrich's] counsel failed to recognize and raise as an issue that the class of individuals that could constitute a victim under the applicable statute did not apply in this case.

2. Whether the PCRA court erred in dismissing [Goodrich's] PCRA petition alleging ineffective assistance of counsel when the evidence clearly indicated that [Goodrich's] counsel negotiated a plea to a crime that [Goodrich] under the plain language of the statute did not commit.

Goodrich's Brief at 8 (unnecessary capitalization omitted). As these issues are interrelated, we will address them together.

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[3] The PCRA court did not file a separate Rule 1925(a) opinion and instead relied on the opinion it authored with its order dismissing Goodrich's PCRA petition.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In both of his issues, Goodrich argues that his trial counsel was ineffective. In assessing a claim of ineffective assistance under the PCRA, we presume that counsel has rendered effective assistance. ***See Commonwealth v. Reid***, 259 A.3d 395, 405 (Pa. 2021). To overcome the presumption, the petitioner must show that:

> (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

***Id***. (citation and quotation marks omitted). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. ***See id***. Accordingly, the failure to satisfy any one of these prongs will result in the rejection of the petitioner's ineffectiveness claim. ***See id***.

> Relevantly, a person is guilty of unlawful contact with a minor if he:

> is intentionally in contact with a minor, or a law enforcement officer acting in the performance of duties who has assumed the identity of a minor or of another individual having direct contact with children, . . . for the purpose of engaging in an activity . . . enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1).

Goodrich asserts that his trial counsel was ineffective for: (1) failing to challenge the Commonwealth's charge of unlawful contact with a minor; and

(2) allowing him to sign a guilty plea agreement containing this charge given that it was unsupported by the evidence. Specifically, Goodrich avers that trial counsel should have instead contested the charge of unlawful contact with a minor, as he did not meet with either a minor or a law enforcement officer on the night of the alleged crime. As these are the only two classes of victims protected by the plain language of statute, Goodrich maintains that each of his claims has arguable merit in satisfaction of the first prong of the ineffectiveness test. Goodrich highlights that the PCRA court concurred that his underlying claims had arguable merit.

As for the second prong of the ineffectiveness test, Goodrich contends that trial counsel's inaction lacked any reasonable basis to effectuate his interest. He points out that when asked whether he believed he provided effective representation or if he could have represented Goodrich in a difference capacity, trial counsel "stated that things were complicated and he didn't know. His approach was to get the best deal possible for [Goodrich], and he felt the plea was 'not a bad deal, not a great deal, but not a bad deal.'" Goodrich's Brief at 15. Goodrich emphasizes that "[r]egardless of the quality of the deal, one cannot ignore the fact that a crime was not committed under the plain language of the statute, and that fact was either overlooked or ignored by [trial] counsel." *Id*. at 15-16. As such, Goodrich argues that "no matter how good [trial] counsel deemed the deal to be, that deal was not better than having the charge[] dismissed[.]" *Id*. at 16.

Goodrich avers that trial counsel's experience with these types of crimes is of no consequence to a determination regarding the reasonability of trial counsel's inaction, as the "incorrect analysis of the case that would by plain language alone dismiss the charge[] against [Goodrich] should provide for relief under the PCRA in the interest of justice." *Id*. Thus, Goodrich maintains that it was unreasonable that trial "[c]ounsel deemed it more favorable to plead guilty to [a] crime[ that Goodrich] did not commit, than to file any motions regarding the same, or, in the alternative, proceed to trial where the Commonwealth could not establish their evidentiary burden under the plain language of the statute." *Id*. at 22.

Lastly, Goodrich argues he suffered prejudice in satisfaction of the third prong of the ineffectiveness test, as "had [trial] counsel not encouraged the guilty plea and [instead] raised the issue or proceeded to trial, [he] would not be incarcerated[,]" nor would he have served any time for a crime he did not commit under any reading of the applicable statute. *Id*. at 23. In support of this conclusion, Goodrich cites to a trial court decision from Clearfield County, ***Commonwealth v. Uncles***, CP-17-CR-95-2023, which was entered "[a]pproximately nine months following this case," and in which defense counsel filed a successful pretrial motion to dismiss the charge of unlawful contact with minors "where the 'victim' was a similar vigilante group." *Id*. at 16-17. Goodrich points out that upon learning about this case, trial counsel

testified that he thought he was in trouble, and that he "should have[, and wished that he had,] filed a pre[]trial motion" in Goodrich's case. *Id*. at 17.

The PCRA court determined that Goodrich's ineffectiveness claims were without merit, reasoning as follows:

> With regard to whether counsel had no reasonable strategic basis for his . . . action or inaction, during [Goodrich's] PCRA hearing, [trial counsel] testified that he had represented individuals in the past who had been charged with the same child sex offenses as [Goodrich]. [Trial counsel] testified further that he would usually raise a mistake of fact argument that [Goodrich] was on an adult site for individuals that were eighteen . . . years old or older, and therefore, [Goodrich] believed that the victim was roleplaying as a fourteen . . . year old. [Trial counsel] credibly testified that [Goodrich] did not offer up a defense or deny the charges filed against him; instead [Goodrich] made it clear to [trial counsel] that his priority was getting the best sentence possible and [to] avoid spending the rest of his life in prison.
>
> [Trial counsel] did not believe that this case would do well at trial and did not want to make his client the "guinea pig" for this type of case. As a seasoned defense attorney, [trial counsel] weighed the likelihood of success in overcoming these charges against the consequences for rejecting an open plea in which six . . . of the eight . . . charges were dropped.
>
> The *Uncles* decision was not rendered until almost a year after [Goodrich] entered his guilty plea. Thus, [trial counsel] did not have the benefit of that caselaw to support [Goodrich's] case. At the time [Goodrich] entered his plea of guilt, "PredHunters PA" and other similar investigatory vigilante child predator groups' findings were permissible in many courts across Central Pennsylvania. [Trial counsel] had a reasonable basis for his actions. [Goodrich], if convicted[,] would have likely spent the rest of his life in prison. The plea that was offered had withdrawn, six . . . of the eight . . . charges, giving [Goodrich] a much better sentence than if he had gone to trial and been convicted of all eight . . . charges.
>
> . . . To say that [trial counsel] had no reasonable basis for his actions based upon an argument that had not yet been made

- 9 -

is without merit. If the court were to adopt this viewpoint, every time a new argument was accepted, prior cases would be subject to secondary litigation. As [Goodrich] has failed to establish that [trial counsel] had no reasonable basis for his actions, . . . [Goodrich's] PCRA [petition] with regard to the claim of ineffective assistance of counsel shall be dismissed.

* * * *

[Goodrich also] alleges that [trial counsel] failed to properly explain the open plea agreement and guilty plea colloquy. However, [Goodrich] testified at the PCRA hearing that: he entered into an open plea and remembered when he was colloquied and said "yes" when asked if he understood all of the elements of the charges, understood that he was pleading guilty, understood it was an open plea, and agreed that he was satisfied with [trial counsel's] representation. When [Goodrich] was shown . . . his [guilty] plea form, at the PCRA hearing, he acknowledged that [trial counsel] went over the maximum penalties in both years and costs, he had [Goodrich] read over the form, and asked [Goodrich] if he had any questions. [Goodrich] also agreed that he signed the document, stipulating that he understood the maximum and minimum and had read all the questions to the best of his ability. Crucially, he also agreed that he indicated "yes" when asked by the judge if he "knowingly, intelligently, and voluntarily" entered the plea. The court also asked [Goodrich] if he had any questions and [he] indicated that he did not.

PCRA Court Opinion and Order, 8/20/24, at 5-7 (citations and unnecessary capitalization omitted).

After reviewing the record in the light most favorable to the Commonwealth as the verdict winner, we discern no error or abuse of discretion by the PCRA court in reaching its determination that Goodrich's ineffectiveness claims were without merit. In doing so, we recognize that Goodrich predicates his ineffectiveness claims on a finding that trial counsel lacked any reasonable basis to believe that the crime of unlawful contact with a minor applied to Goodrich at the time he entered a guilty plea, or that it was

in Goodrich's best interest to plead guilty to it. However, Goodrich's argument in this regard substantially relies on the legal analysis provided by *Uncles*, a trial court decision which Goodrich concedes was not available to trial counsel at the time of his alleged ineffectiveness.

Further, while trial counsel acknowledged that he considered challenging the unlawful contact with a minor charge at the time, he explained that his decision not to do so was strategic, as doing so would jeopardize the availability of the Commonwealth's plea deal to dismiss six of the eight pending charges, including the dismissal of four felony counts. As indicated above, Goodrich did not deny that he attempted to solicit a minor and offered no defense to the other crimes. Moreover, trial counsel testified to his belief that, had the matter proceeded to trial, there was a strong probability that Goodrich would have spent the rest of his life in prison — an outcome which Goodrich emphasized to trial counsel that he wanted to avoid.

Based on our review, we conclude that the record supports the PCRA court's determination that Goodrich's trial counsel had a reasonable basis to refrain from challenging the charge of unlawful contact with a minor and to instead permit Goodrich to enter his guilty plea, which he entered knowingly, intelligently, and voluntarily. Consequently, we affirm the PCRA court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/4/2025